Dear Mr. Herring:
You have asked for an opinion from this office clarifying Opinion Number 87-172 which opined that the Department of Wildlife and Fisheries is not authorized to impose a royalty on any sand or fill material that is removed from state waterbottoms but is not placed "in commerce" since there is, technically, no severance. See: Traigle v. Lafayette Airport Commission, 309 So.2d 904 (3rd Cir. 1975) and Agerton v. City of Lake Charles, 273 So.2d 353 (3rd Cir. 1973). In this situation, the dredging contractor merely removes fill material from state waterbottoms and places the product again in state property — usually a road bed. The State is not charged specifically for the sand and fill material at so much a cubic foot but instead is charged merely for the service of the removal.
You have now advised that, instead of charging for the service of removal, a dredging contractor has billed the Department of Transportation and Development specifically for the product itself. Under these circumstances, you have asked this office whether a royalty is due.
It is the opinion of this office that a royalty is due at any time sand and fill material is sold on the open market. The fact that it is being purchased by an agency of the State of Louisiana is of no moment. If the contractor receives the full purchase price for the sand and fill material from the state agency, then he owes the royalty. See: La. R.S. 56:2011, et seq. Under these circumstances, the sand and fill material has been placed "in commerce", albeit for a very short time, because the dredging contractor has sold the sand and fill material to the State and presumably has received the full purchase price thereof.
Consequently, when the bid specifications and contract provide for the public entity to purchase sand and fill material from a contractor, the Department of Wildlife and Fisheries is entitled to a royalty payment.
If we may be of further service in this matter, please advise.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: DAVID C. KIMMEL Assistant Attorney General
DCK/jb